**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

# UNITED STATES DISTRICT COURT

AUG 2 7 2020

MITCHELL R. ELFERS
CLERK *lmn*

for the

District of *New Mexico*

_____ Division

*Farrest Evans*
*Ernestine Hodge*

*Rapido MVD Services*
_____

Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

*See Attachments*
_____

Defendant(s)
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _**20cv 874 KRS**_

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name _FORREST EVANS - ERNESTINE Hodge - RAPido mvd SERVices_
Address _409 E, LIANO DR_

_HoBBS_           _NM_           _88240_
City           State           Zip Code

County _LEA_
Telephone Number _575-341-8634_
E-Mail Address _FEVANS @ RAPido SERVices-NM.Com_

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

_See ATTACHMENT FoR Full LIST Of DEfenDANTS_

Defendant No. 1

Name _margaret willicum_
Job or Title (if known) _Bureau chief_
Address _505 marQuette nw Suite 1501_
_Albuquerque    nm    87102_
City           State           Zip Code

County _Bernalillo_
Telephone Number _505-383-2316_
E-Mail Address (if known) _Surety.BonD@State.nm.us_

[X] Individual capacity    [ ] Official capacity

Defendant No. 2

Name _Alicia Ortiz_
Job or Title (if known) _mVD Director_
Address _1200 S. St. Francis Dr_
_SanTA FE    nm    87505_
City           State           Zip Code

County _Santa FE_
Telephone Number _u/K_
E-Mail Address (if known) _AlAciAC.ORTiz@STATE.NM.US_

[X] Individual capacity    [ ] Official capacity

Defendant No. 3
    Name                William Duran
    Job or Title *(if known)*   Director MVD
    Address             6301 Indian School RD NE #710
                          Alburque     nm   87110
                              *City*       *State*     *Zip Code*
    County             Bernalillo
    Telephone Number      505-841-8340
    E-Mail Address *(if known)*   U/K

    ☑ Individual capacity     ☐ Official capacity

Defendant No. 4
    Name                Angel B. Martinez
    Job or Title *(if known)*   1200 S. St Francis Dr.
    Address
                          Santa FE     nm   87505
                              *City*       *State*     *Zip Code*
    County             SANTA FE
    Telephone Number      505 827-0722
    E-Mail Address *(if known)*   Angel.martinez@state.nm.us

    ☑ Individual capacity     ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

     ☐ Federal officials (a *Bivens* claim)

     ☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Race, AGE, Mental Disability Discrimination & Harassment

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N/A

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See Attachement PAGE 4 OF 6A

## III.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   Where did the events giving rise to your claim(s) occur?

See Attachement page 4 OF 6A

B.   What date and approximate time did the events giving rise to your claim(s) occur?

See Attachement page 4 OF 6A

C.   What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See ATTACHMENT 4 of 6A

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

AONE 7c   See page 5 OF 6 ATTAChed

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

See page  5 OF 6b. ATTAChed

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    _8/17/20_    _Rapido MVD Services_

Signature of Plaintiff    _Forrest Evans – Ernestine Hodge_
Printed Name of Plaintiff    _FORREST EVANS – ERNESTINE Hodge_

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _N/A_ _____
Printed Name of Attorney    _____
Bar Number    _____
Name of Law Firm    _____
Address    _____
        _____
        _City_        _State_    _Zip Code_

Telephone Number    _____
E-mail Address    _____

**Attachment to page 1, Defendant(s):**

Margaret Williams

Angel Martinez

Mark Williams

Alicia Ortiz

William Duran

Noel Davis

Vickie Evans

Danette Barela

Teresa Valdez

April Vigil

Olivia Gauna

Cheryl Gerthe

Susana Martinez

State Senator of New Mexico Gay Kernan

State Representative of New Mexico Larry Scott

City of Hobbs, NM

    Irene De La Cruz

    Mike Stone

City of Lovington, NM

    James R Williams

    Maria Hernandez

John Monforte

**FOR HIS/HER cause of action Plaintiff(s) states:**

1. Jurisdiction is pursuant to 42 U.S.C., Section 1983, and the "Due Process Clause," Amendment V, United States Constitution.

2. Plaintiff(s) were residents of Hobbs, Lea County, New Mexico, at all times pertinent to this action.

3. Defendant(s), State of New Mexico employees, elected official or Governors Appointees, Margaret Williams, Angel Martinez, Mark Williams, Alicia Ortiz, William Duran, Noel Davis, Vickie Evans, Danette Barela, Teresa Valdez, April Vigil, Olivia Gauna, Cheryl Gerthe, Susana Martinez, Acting Director of DLB John Monforte, (Senator Gay Kernan and Rep. Larry Scott reside in Hobbs, New Mexico) were all residents of New Mexico, residing in either Santa Fe, New Mexico or Albuquerque, New Mexico to the best of my knowledge and belief at the time of this cause of action. Defendants Irene De La Cruz and Mike Stone, were residents of Hobbs, Lea County, New Mexico, (Presume) at all times pertinent to this action. City of Hobbs is a municipal corporation for whom the employees were employed and authorized to act. Defendants James R Williams and Maria Hernandez, were residents of Lovington, Lea County, New Mexico, (presume) at all times pertinent to this action. City Lovington, New Mexico is a municipal corporation for whom the employees were employed and authorized to act.

4. On or about June 2013, Plaintiff, who is an African-American, encountered numerous occurrences of accusations and harassment from Irene De La Cruz, Margaret Williams Angel Martinez and Alicia Ortiz. Margaret Williams ultimately revoked Plaintiffs license to perform vehicle inspections two different times. When asked why she took these actions she said "I don't have to have a reason." Plaintiff took the licensing test on two occasions in Albuquerque, New Mexico, and passed the test first time in both instances.

5. Defendant Margaret Williams, April 6, 2015, wrote Plaintiff Ernestine Hodge, the owner of Rapido MVD Services advising her of the stringent and impossible criteria Rapido MVD Services would be judged, she stated in that letter that "These policies and procedures apply to all TSC's (Title Service Companies) equally and enable the DLB (Dealers Licensing Bureau) to address administrative issues in a consistent manner," equality was non-existent and DLB keep the numbers in a system referred to as "Errors Resolution."

6. March 21, 2007, Defendant Noel Davis wrote in an email " I'd like to start an investigation of the paperwork presented by Rapido MVD for processing by the Eunice office, but do so very quietly." Rapido MVD Services nor Plaintiff(s) ever heard about this investigation.

7. On June 25, 2015, Margaret Williams wrote Plaintiff Ernestine Hodge with an ultimatum, "Mr. Evans will be removed from his position that enables him to process applications for vehicle titles and vehicle registrations, or your license will be revoked."

8. Plaintiff Forrest Evans requested on numerous occasions that Rapido MVD Services be reconsidered to gain access to the States computers in order to issue license plates, issue stickers for plates and numerous other functions that were proprietary to the States computer systems which were SAMBA and Tapestry. The State employees consistently responded with a resounding and emphatic "no." Reasons given were the same, "quality standards" and "performance standards." Defendant "never" presented Plaintiff Forrest Evans with any evidence or examples of her accusations. In the letter of June 25, 2015, Defendant Margaret Williams stated, "We believe we have given you some notice in the past that the performance of Rapido MVD Services during the time it has been managed by Mr. Evans has not met minimum performance standards and MVD has seen no improvement indicating you have taken our concerns seriously."

9. Beginning in July 2015 to November 2019, Plaintiff Forrest Evans was relieved of his position and did not sign off on any work to be presented to the local Municipal MVD's. However, State of New Mexico employees kept up the accusations of Plaintiff making errors and Plaintiffs inability to perform satisfactory work. Plaintiff allege the State does not have records of errors pertaining to Plaintiff Forrest Evans from 2015 thru 2019.

10. From approximately 2013 to July 2015, Plaintiff Forrest Evans made several phone calls to Defendant Margaret Williams with questions and 100 % of the time Defendant Margaret Williams stated, "you should know the answer to that, we covered it in class." One of Defendants Margaret Williams form of persistent harassment and discrimination.

11. As a direct and proximate result of the defendants' actions, Plaintiff Forrest Evans suffered psychic, financial and emotional injuries and damages, and should recover more than $100,000 compensatory damages and more than $500,00 punitive damages, attorney fees and cost.

12. As grounds for this claim, Plaintiff(s) alleges violations of their federal and state Constitutional and civil rights, including their right to equal protection of the law, malicious

prosecution, mental and emotional anguish, loss of reputation, defamation, slander and loss of earnings capacity proximately and calculatingly caused by illegal and authorized actions and omissions of the State of New Mexico's employees and Municipal employees of Lovington, NM and Hobbs, NM, and furthermore, these employees acted under the color of authority in perpetrating such acts and omissions against Plaintiff(s) to his/her detriment and prejudice. Defendants, Margaret Williams and Irene De La Cruz violated Plaintiff(s) civil rights by violating Plaintiffs(s) Constitutional Rights to Life, Liberty and the Pursuit of Happiness.

13. November 2019, Defendant Alicia Ortiz revoked Rapido MVD Services State license as a Dealer License Bureau Partner. This termination occurred, approximately seven months, after finally being granted access to the State of New Mexico's computer systems to issue license plates. There was no warning. Rapido MVD Services employees (had access to monitoring errors in the Tapestry (State of NM computers) system), detected few errors and promptly corrected the errors.

14. Defendants; Alicia Ortiz, William Duran, Noel Davis, Vickie Evans, Danette Bareia, Teresa Valdez, April Vigil, Olivia Gauna, Cheryl Gerthe, Susana Martinez, City of Hobbs, NM, Mike Stone, City of Lovington, New Mexico, Maria Hernandez, James R Williams and John Monforte all participated in depriving Plaintiff(s) Forrest Evans and Ernestine Hodge of their individual civil rights by sanctioning directly or indirectly participation in said scheme by complicity and omission.

15. Approximately 2015, Plaintiff Forrest Evans delivered Defendant Senator Gay Kernan a letter requesting she look into my allegations of harassment, Defendant never followed up after several calls to her. Plaintiff Forrest Evans allege Defendant fail in her oath to protect citizens civil and Constitutional rights.

16. Plaintiff(s) demands a trial by jury on those factual issues not directly a matter of law. **WHEREFORE,** Plaintiff(s) prays that they recover judgement against Defendants jointly and severally for more than $1000,000.00 compensatory damages, more than $500,000.00 punitive damages, attorney fees, costs and such other relief as the Court may deem just and Proper.

**The Parties to This Complaint** (continued from pg. 3 of 6)

B.    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization or a corporation. For an individual defendant include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 5

| | |
|---|---|
| Name | Mark Williams |
| Job or Title (if known) | Operations |
| Address | 369 SIERRA DR SE APT 102, ALBUQUERQUE, NM, 87108 |
| County | Bernalillo |
| Telephone Number | 505-319-4012 |
| E-Mail Address (if known) | u/k |

[X] **Individual Capacity**        [ ] **Official Capacity**

Defendant No. 6

| | |
|---|---|
| Name | Noel Davis |
| Job or Title (if known) | Bureau Chief |
| Address | 505 Marquette NW Suite 1501 |
| County | Bernalillo |
| Telephone Number | 505-660-2699 |
| E-Mail Address (if known) | u/k |

[X] **Individual Capacity**        [ ] **Official Capacity**

Defendant No. 7

| | |
|---|---|
| Name | Vickie Evans |
| Job or Title (if known) | u/k |
| Address | 505 Marquette NW Suite 1501 |
| County | Bernalillo |
| Telephone Number | 505-383-2316 |
| E-Mail Address (if known) | u/k |

[X] **Individual Capacity**        [ ] **Official Capacity**

Defendant No. 8

| | |
|---|---|
| Name | Danette Barela |
| Job or Title (if known) | VIN Coordinator |
| Address | 505 Marquette NW Suite 1501 |
| County | Bernalillo |
| Telephone Number | 505-383-2316 |
| E-Mail Address (if known) | u/k |

[X] Individual Capacity          [ ] Official Capacity

Defendant No. 9

| | |
|---|---|
| Name | Olivia Gauna |
| Job or Title (if known) | Bureau Chief |
| Address | 505 Marquette NW Suite 1501 |
| County | Bernalillo |
| Telephone Number | 505-383-2316 |
| E-Mail Address (if known) | u/k |

Individual [X] Capacity     Official Capacity [ ]

Defendant No. 10

| | |
|---|---|
| Name | Susana Martinez |
| Job or Title (if known) | X-Governor of New Mexico |
| Address | 6125 N JORNADA RD, LAS CRUCES, NM, 88012 |
| County | Dona Ana |
| Telephone Number | |
| E-Mail Address (if known) | u/k |

[X] Individual Capacity          [ ] Official Capacity

Defendant No. 11

| | |
|---|---|
| Name | Cheryl Gerthe |
| Job or Title (if known) | Bureau Chief |
| Address | 505 Marquette NW Suite 1501 |
| County | Bernalillo |
| Telephone Number | 505-383-2316 |
| E-Mail Address (if known) | u/k |

[X] Individual Capacity          [ ] Official Capacity

Defendant No. 12

| | |
|---|---|
| Name | City of Hobbs, NM |
| Job or Title (if known) | Municipality |
| Address | 202 E Broadway, Hobbs, NM  88240 |
| County | Lea |
| Telephone Number | |
| E-Mail Address (if known) | u/k |

[ ] Individual Capacity          [X] Official Capacity

Defendant No. 13

| | |
|---|---|
| Name | Irene De La Cruz |
| Job or Title (if known) | Manager Hobbs MVD |
| Address | 200 E Broadway, Hobbs, NM 88240 |
| County | Lea |
| Telephone Number | (575) 397-9200 |
| E-Mail Address (if known) | u/k |

[X] **Individual Capacity**     [X] **Official Capacity**

Defendant No. 14

| | |
|---|---|
| Name | Mike Stone |
| Job or Title (if known) | Manager Hobbs MVD |
| Address | 200 E Broadway, Hobbs, NM 88240 |
| County | Lea |
| Telephone Number | (575) 397-9200 |
| E-Mail Address (if known) | u/k |

[X] **Individual Capacity**     [X] **Official Capacity**

Defendant No. 15

| | |
|---|---|
| Name | City of Lovington, NM |
| Job or Title (if known) | Municipality |
| Address | 214 S Love, Lovington, NM 88260 |
| County | Lea |
| Telephone Number | 575-396-2884 |
| E-Mail Address (if known) | u/k |

[X] **Individual Capacity**     [X] **Official Capacity**

Defendant No. 16

| | |
|---|---|
| Name | James R Williams |
| Job or Title (if known) | City Manager |
| Address | 214 S Love, Lovington, NM 88260 |
| County | Lea |
| Telephone Number | 575-396-2884 |
| E-Mail Address (if known) | jwilliams@lovington.org |

[X] **Individual Capacity**     [X] **Official Capacity**

Defendant No. 17

| | |
|---|---|
| Name | Maria Hernandez |
| Job or Title (if known) | Manager of the Lovington MVD |
| Address | 214 S Love, Lovington, NM 88260 |
| County | Lea |
| Telephone Number | 575-396-9313 |
| E-Mail Address (if known) | u/k |

[ X ] **Individual Capacity**    [ X ] **Official Capacity**

Defendant No. 18

| | |
|---|---|
| Name | John Monforte |
| Job or Title (if known) | Secretary of the MVD |
| Address | 3437 Shiloh Rd NE, Rio Rancho, NM 87144-25 |
| County | Bernalillo |
| Telephone Number | (505) 841-9714 |
| E-Mail Address (if known) | u/k |

[ X ] **Individual Capacity**    [ ] **Official Capacity**

Defendant No. 19

| | |
|---|---|
| Name | April Vigil |
| Job or Title (if known) | u/k |
| Address | 505 Marquette NW Suite 1501 |
| County | Bernalillo |
| Telephone Number | 505-383-2316 |
| E-Mail Address (if known) | u/k |

[ X ] **Individual Capacity**    [ ] **Official Capacity**

Defendant No. 20

| | |
|---|---|
| Name | Gay Kernan |
| Job or Title (if known) | New Mexico Senator |
| Address | PO Box 598, Hobbs, NM 88241 |
| County | Lea |
| Telephone Number | 575-392-5960 |
| E-Mail Address (if known) | larry.scott@nmlegis.gov |

[ X ] **Individual Capacity**    [ ] **Official Capacity**

Defendant No. 21

| | |
|---|---|
| Name | Larry Scott |
| Job or Title (if known) | New Mexico State Representative |
| Address | P.O. Box 1708, Hobbs, NM 88241 |
| County | Lea |
| Telephone Number | 505-629-9081 |
| E-Mail Address (if known) | larry.scott@nmlegis.gov |

[ X ] **Individual Capacity**    [ ] **Official Capacity**

**D.** Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under Bivens, explain how each defendant acted under color of federal law. Attach additional pages if needed.

1.   The following Defendants are parties to Plaintiffs claim of discrimination due

to age, mental disability, depriving a citizen of government services and race,

however, the persons who directly harassed (due to age and mental disability) Plaintiff by way

of email, phone calls or discriminatory treatment were Defendants:  Margaret Williams, William

Duran, Vickie Evans, Angel Martinez, Alicia Ortiz, Danette Barela, Maria Hernandez and Irene De

La Cruz}.  The other Defendants were participants in the scheme.

2.   <u>Margaret Williams</u> - made numerous calls harassing me concerning falsehoods, rescinded my

vehicle inspection license two times without cause, forced my employer (with a letter) to

demote me from general manager position, disallowed my entry into VIN classes for two years

(approximately seven times) aided by Danette Barela (VIN Coordinator for the State).

3.   <u>Angel Martinez</u> – Was on many of Margaret Williams calls made to me and she also made

disparaging comments.  Disconnected or ordered our website to be disabled for one week

because the USER ID was "forevans."

4.   <u>Mark Williams</u> – Made an agreement with me to extend our bond then allowed William Duran

to dishonor the agreement (at a cost of $7,500.00 to me).  Margaret Williams agreed

to  allow our company to gain access to (SAMBA a third party State software provider, very

necessary to any MVD operation) if i attended a seminar in Albuquerque for two days.  Margaret

Williams and Mark Williams broke their promise (this cost me expenses and two days of my life,

the seminar was utterly useless).

Page 4 of 6a

5. <u>Alicia Ortiz</u> – Made numerous accusations concerning my abilities to perform MVD duties: statements such as "**he doesn't have the where with all**," Defendant Alicia Ortiz stated that Plaintiff has done harm to the citizens of New Mexico because of my inability to follow procedures. Defendant cancelled Plaintiffs State License (November 2019.) No reason.

6. <u>William Duran</u> – Called Plaintiff to cancel an agreement that Defendant Mark Williams and Plaintiff had agreed to extend Plaintiffs bond. Defendant William Duran stated to Plaintiff "the deal is off and I speak for Mark Williams." As stated above this was at a cost to me of $7,500.0 because the bond premium was non-refundable.

7. <u>Noel Davis-</u> Approximately Jan. 20, 2017 Defendant Noel Davis participated in the scheme to have Plaintiff fired from Plaintiffs position with Plaintiffs employer Rapido MVD Services. Defendant Davis participated in conversations appearing to support the State of New Mexico employees' actions of surveillance and building a case setting me up for failure while purporting to insure Plaintiffs success. Defendant instituted covert surveillance with the Eunice and Lovington MVDs. (March 27, 2017 per email to Teresa Valdez)

8. <u>Teresa Valdez</u> – March 21, 2017 Defendant received this email from Defendant Noel Davis: "I'd like to start an investigation on the paperwork presented by Rapido MVD Services for processing by the Eunice office, **but do so very quietly**." Can you please assist me in obtaining the VIN numbers associated with the transactions? I've spoken with Maria from the Lovington office and she will provide information to me as she comes across it."

9. <u>Vickie Evans</u> – Jan 2016. Defendant Vickie Evans, according to the IPRA info followed instructions from Defendant Alicia Ortiz, nothing in the IRPA information indicate she tried to understand why the State was harassing Plaintiff.

10. <u>Danette Barela</u> – Defendants title was VIN (Vehicle Identification Number) coordinator from 2013 until 2015. Ms. Barela assisted Margaret Williams in depriving Plaintiff of Plaintiff right into VIN classes. Ms. Barela failed to send electronic invitations to me with class registration. Danette Barela asked Defendant Margaret Williams (who apparently had the authority to make

Page 4 of 6b

the decision as to who got into the classes) are you going to let Forrest into the upcoming class?" Defendant Margaret Williams answered "I don't know." Plaintiff was standing in Defendants presence when the conversation occurred.

presence when this conversation occurred. Defendant Ms. Barela or someone with access to the data base for sending out invitations for class registrations deleted Plaintiffs email address, (per Ms. Barela) consequently Plaintiff missed out on VIN class invitations.

11. Olivia Gauna - Jan 11, 2016. Defendant Olivia Gauna according to the IPRA info followed instructions from Defendant Alicia Ortiz. Defendant participated in the scheme to harass Plaintiff, particularly with correspondence with Alicia Ortiz.

12. Cheryl Gerthe – August 04, 2015 (email). Defendant Cheryl Gerthe reinforced the Dealers Bureau's position regarding Plaintiffs inability to sign any State documents, i.e., "VIN inspections, sign Powers of Attorny's, "or any paperwork signed off by him." Remember, from early 2015 to November 2019 they were accusing me of making mistakes and I didn't participate in the preparation of any MVD documents after they forced Plaintiff Forrest Evans to resign.

13. City of Hobbs, NM – Defendant City of Hobbs, NM was complicit with Defendant Irene De La Cruz (Hobbs, MVD manager) in Defendant De La Cruz's cooperation with the State to harass Plaintiff by calling the State whenever Defendant or her employees perceived a potential mistake Plaintiff may have made. Defendant De La Cruz's boss was aware of what she was doing in Plaintiffs opinion.

14. Irene De La Cruz – (2015) Hobbs MVD manager. Defendant De La Cruz told three "**lied** in two emails addressed to State employees in Albuquerque, New Mexico, which aggravated the accusations concerning Plaintiffs character?

15. Mike Stone – Hobbs City Attorney. Failed to reveal critical information when Plaintiff requested correspondence alleged regarding Irene De La Cruz alleged file she kept concerning Plaintiff.

16. City of Lovington, NM - Defendant City of Lovington, NM. Plaintiff informed the City Manager, James Williams, was aware of Maria Hernandez activity in regards to Plaintiff and Defendant Williams failed to respond to Plaintiff correspondence making him an accessory.

17. James Williams – (2014 approximately) Defendant James Williams Knew about the activities of

Maria Hernandez the MVD manager of the Lovington, NM MVD.  Plaintiff informed Defendant Williams by letter of her behavior and Defendant James Williams never responded to Plaintiffs complaint.

18. <u>Maria Hernandez</u> – (2014-2015) Harassed Plaintiff by her snappy responses in our conversations and on one occasion Defendant Hernandez "**took one of Plaintiffs packages**" and retained it claiming that the package was State property.  Defendant once told Plaintiff "**you better not come in here again with incomplete documents**."  She tried to get Defendant Margaret Williams on the phone to see how she should handle me, Margaret didn't answer the phone. The city failed to respond to Plaintiffs IRPA request Plaintiff was informed that the request was forwarded to the State of New Mexico for response.  The State never responded.

19. <u>John Monforte</u> – (2017) Acting Director of the MVD.  Margaret Williams bragged and made the assertion that everyone knew about Plaintiff from the top down.  Therefore, John Monforte knew of my complaints and didn't protect my rights to a hearing as Acting Director of the MVD.

## III.   Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

Plaintiff feel strongly that to understand Plaintiffs dilemma with the State of New Mexico's MVD the following need to be understood; Plaintiff told Defendant Margaret Williams in 2013 that Plaintiff was in an impossible predicament in that Plaintiff utilized four different MVD's depending on Plaintiff's needs (all MVD's do not follow the same procedures), manual or no manual, as a matter of fact in 2013 the MVD Procedural Manual stated "Managers Discretion"  as a possible solution for difficult scenarios. Each MVD processed certain documents other MVDs do not process and at the same time requiring different supporting documentation.  If Plaintiff showed up without documents required at one MVD I could go to another MVD and their practice was to accept the same documentation refused by the first MVD. On the other hand, if Plaintiff had more documentation than the chosen MVD needed, that MVD would give the document(s) back to Plaintiff.  Knowing that Defendant Margaret Williams was always looking for an indictment against Plaintiff, Plaintiff would plead with the MVD to send the document to Albuquerque even though "their office" didn't require it," however, they never sent the extra documents.  When Plaintiffs transactions arrived in Santa Fe, Plaintiff became suspect if a document was missing.  Please note Plaintiff has about 500 internal emails from Plaintiffs !RPA requests regarding me.

*PAGE 4 of 6d*

Defendants never suggested in their correspondence with each other to check on the MVDs and question them regarding their procedures. They only discuss scrutinizing Plaintiff. That said, Plaintiff was always having to adjust presentations, however, it was the local MVD's job to approve my presentations if erroneous documents were sent to Santa Fe the Local MVD was the at fault party, not Plaintiff, however, either way Plaintiff was judged and indicted, this is the tactic the State used to hold Plaintiff hostage.

 Margaret Williams – (2013,-2015) Defendant Margaret Williams started her harassment and discrimination against me in 2013 by accusing me of errors that weren't relevant or never happened, she promised to provide feedback on my "specific transactions" that contained errors and follow the steps set out in the evaluation flow chart, she never followed up on either of these promises. Defendant Margaret Williams enlisted, it appears, all of the MVD State employees in Albuquerque and Santa Fe offices and more specifically Defendant Margaret Williams recruited the following Defendants to participate in her scheme; Irene De La Cruz (manager), Hobbs, NM MVD office, (during 2014-15) the Carlsbad MVD and Defendant Maria Hernandez (manager) of the Lovington, NM DMV. All three Defendants harassed me by reporting me to Defendant Margaret Williams when they detected potential mistakes Plaintiff made and or confiscated Plaintiffs documents with the reason, "Albuquerque has instructed me to do this," not once were they right, to my knowledge.

Defendant Margaret Williams cancelled my Vehicle Inspectors credentials on two separate occasions without cause, when Plaintiff asked why Defendant Margaret Williams said "I don't have to have a reason." I took the exam two times and passed both times, yet Defendant Margaret Williams wasn't satisfied. Doing VIN inspections are tricky, it is impossible to train someone to be prepared for every scenario. All VIN inspectors make errors.

(Approximately 2013) The extensive training the State continue to talk about in their correspondence with each other was very haphazard presentations hastily assembled presentations Defendants always prepared right before a class and up to an hour late starting their classes.

Defendant Margaret Williams told Plaintiff Forrest Evans to call around the State to find a MVD that was willing to train Plaintiff. All MVD's told me "no," the Carlsbad MVD told me Defendant Margaret Williams told her to tell me "no." I asked Defendant Margaret Williams why don't you arrange my training with one of the State MVD offices, she said "that's not what I do."

Page 4 of 6e

On more than one occasion Defendant Margaret Williams asked me to correct (if I realized they were not processing paperwork properly) personnel in local MVDs that I frequented, stating, "if you know they are not correct in their processes you are obligated to let them know." (now that will put me on the outs for sure because I depended on the local MVD offices).

June 25, 2015 Defendant Margaret Williams wrote my employer, Ernestine Hodge, a letter requesting she terminate me as Rapido MVD's General Manager, Defendant Margaret Williams reason given in the letter was "he is a problem." **I surmised the ring leader was Defendant Margaret Williams and she recruited Defendants Angel Martinez Alicia Ortiz, Irene De La Cruz, Maria Hernandez and the fight went viral**.

Angel Martinez – in 2018 Defendant Angel Martinez discovered that one of the States websites that Rapido MVD Services had access used "forevans" as the user id and Defendant Angel Martinez got upset and disconnected Rapido MVD Services access to the website for almost a week.

In 2019 Defendant Angel Martinez came to our office on two occasions unannounced. Defendant Alicia Ortiz indicated in writing a representative from the State would come to Plaintiffs office on a specific date in December 2019, however, no one showed up nor called. Based on the no show Plaintiff requested Defendant Alicia Ortiz call and make an appointment with Plaintiff before coming to Plaintiffs office to retrieve State property (vehicle license plates). Defendant Angel Martinez showed up unannounced again to Defendants office two days after Plaintiffs request to Defendant Alicia Ortiz to make arrangements with Defendant to retrieve State property that was in Plaintiffs possession.

Mark Williams – (2014) Defendant Margaret Williams definitively promised me that if I came to Albuquerque to a Samba (third party provider for the State of New Mexico) sixteen-hour training Plaintiff would be granted access to the States programs which would save Plaintiff(s) thousands of dollars. After the training (which is a very loose term) was completed I approached Defendant Margaret Williams and asked what the next step was to conclude our agreement. She simply said "we are not going to do it." Plaintiff asked Defendant Margaret Williams for an explanation, Plaintiff asked "why did you let me drive seven hundred miles and spend two days here for nothing?" She just looked away and Plaintiff immediately found Defendant Mark Williams and Plaintiff ask Defendant Mark Williams "what was going on?" (he got defensive, snotty and short) and simply said "Forrest do you know what your problem is? "You don't know how to get along, I have a meeting to get to, good bye." This was the **second time** Defendant Mark Williams broke an agreement with Plaintiff Forrest Evans.

<u>Alicia Ortiz</u> – March 4, 2019, wrote a letter addressed to me as a follow up to my request to Gov. Lujan Grisham to be reinstated as General Manager of our company (Rapido MVD Services), her response was "the initial findings regarding your business operations remain intact. "the number and regularity and severity of the errors and omissions **committed by you**, despite significant training are sufficient to deny your request for permissions and accesses to conduct transactions on behalf of MVD." Keep in mind they have never sent me any documents regarding my performance as they had promised.

(2018) Plaintiff asked Defendant Alicia Ortiz if a customer could call her for a reference. Defendant gave me her phone number for the customer to call her. When they connected customer asked Defendant "have you had any complaints against Forrest Evans" Defendant answered "no." Plaintiff listened to the recorded conversation and the customer signed a document for Plaintiff attesting to the call.

Nov. 2019, Defendant Alicia Ortiz wrote a letter to Plaintiffs cancelling Tapestry contract with the State of New Mexico. She then transferred to another position (Dept. of Transportation) with the State of New Mexico.

(2015) State employees continued to bringing up my inability to perform MVD procedures, when in fact they intimidated the owner of our company into asking Plaintiff Forrest Evans to step down as General Manager of Rapido MVD Services in 2015. The MVD's were instructed not to accept documents if Plaintiff Forrest Evans name was on them, which included: notarize documents (Plaintiff is a Notary, they backed down on this one when the Sec. of State said they couldn't enforce this requirement), checks with my signature (I signed all company checks, and I ignored this requirement and kept signing the company checks) written to the State and local MVDs.

Lastly, Defendant Alicia Ortiz refused my several request for a hearing.

<u>William Duran</u> - Called me in 2012 and told me that an agreement between Defendant Mark Williams and <u>I had made was off the table.</u> State employees allowed me to spend $7,500.00 dollars on a bond that would only be good for five months rather than the contracted twelve months. (Their reason: an old practice was reinstated by the State of New Mexico to harass me and cause my bond to be obsolete after five months of service, I lost seven months of coverage because the State required a bond with an effective date of November 1, 2012). To effect this requirement would have required the expenditure of approximately $12,000.00 on Plaintiffs behalf. Defendant Mark Williams agreement with me was to allow the existing bond to run its course.

Page 4 of 6g

<u>Noel Davis</u>- Approximately Jan. 20, 2017 Defendant Noel Davis participated in the scheme to have me fired from my position with my employer Rapido MVD Services. Defendant Davis participated in conversations appearing to support the State of New Mexico employees actions.

<u>April Vigil</u> – April 8, 2019. Plaintiff April Vigil wrote the following email for internal consumption. "What's the best way for us to address this? I am very familiar with Mr. Evans and the circumstances that led to us requiring that he be removed from all MVD transactions or face hearing to cease his partnership with MVD. The rules do not apply solely to him and I don't believe that he has the personal wherewithal to resume his activity."

<u>Vickie Evans</u> – Jan 2016. Defendant Vickie Evans, according to the IPRA info followed instructions from Defendant Alicia Ortiz, nothing in the IRPA information indicate she tried to understand why the State was harassing Plantiff. Plaintiff Vickie Evans called me in 2014 and introduced herself and informed me that if I needed anything to call her. She went on to mention that she heard that "I was intimidating."

<u>Danette Barela</u> – Defendants title was VIN (Vehicle Identification Number) coordinator. From 2013 until 2014 I was unable to get into the VIN class. I applied approximately five times. On one occasion I told her I did not get the usual email invitation to apply, Defendant Barela checked her email list and said to Plaintiff "you aren't on the list any more, I don't know why, however, I will add you back." (approximately in 2013) Defendant Danette Barela asked Defendant Margaret Williams (who apparently had the authority to make the decision as to who got into the classes) are you going to let Forrest into the upcoming class?" Defendant Margaret Williams answered "I don't know." I was standing in their presence when this conversation occurred.

<u>Olivia Gauna</u> – Jan 11, 2016. Defendant Olivia Gauna, according to the IPRA info, followed instructions from Defendant Alicia Ortiz, nothing in the IRPA information indicate she tried to understand why the State was harassing Plaintiff.

<u>Cheryl Gerthe</u> – Defendant Cheryl Gerthe reinforced my statement regarding my inability to sign any documents on Rapido MVD Services on August 04, 2015 (email). She spelled out the things I couldn't

do: "VIN inspections, sign Powers of Attorney's, or any paperwork signed off by him." Remember, from early 2015 to November 2019 they were accusing me of making mistakes and i didn't sign any documents other than notarize certain documents.

Susana Martinez – Defendant Susana Martinez office was contacted numerous times regarding my complaint and request for a hearing. Defendant Susan Martinez office forwarded my concerns to the "Citizen Advocacy Office." They called Plaintiff two times just to say my complaint had been forwarded. As the State's top official, Defendant Susana Martinez failed to represent Plaintiff Forrest Evans by insuring the application of Plaintiffs "Amendment rights were protected," per her oath of office she swore to uphold. State agencies never addressed Plaintiffs procedure violations.

City of Hobbs, NM – Defendant City of Hobbs, NM was complicit with Defendant Irene De La Cruz in her cooperation with the State to harass me by calling the State whenever she or her employees perceived a mistake that I made. Mrs. De La Cruz's boss was aware of what she was doing in my opinion.

Irene De La Cruz – (2015), Defendant De La Cruz "**lied**" in two emails addressed to State employees in Albuquerque, New Mexico. 1) Defendant De La Cruz stated in 1 of 2 emails that Plaintiff accused Hobbs MVD personnel of discrimination whenever they refused to process Plaintiffs document if errors were found, 2) Defendant De La Cruz blessed me out once for requesting a copy of a document, 3) Defendant De La Cruz accused me of writing a VIN inspection against State procedures, she was mistaken. The emails were discovered in 2020 via IRPA to the City of Hobbs. I am certain there is more correspondence than these two email), 4) one of Defendant De La Cruz's employees asked me "when are you going to stop coming to the Hobbs MVD and when will you start doing your own processing? This employee concluded by saying "you are just taking advantage of us," 5) 2014 – Defendant Irene De La Cruz called Plaintiff and stated Plaintiffs son, Brandon Evans, was at the Hobbs MVD arguing with one of the MVD personnel. Plaintiff Forrest Evans arrived at the Hobbs MVD in time to watch Brandon Evans at the clerk's window and Plaintiff observed the two individuals interact. Brandon and the clerk were not in a confrontation. Brandon, upon Plaintiffs asking about the Defendants claim of a confrontation denied the accusation and was confused as to why Defendant made the accusation.

Mike Stone – Plaintiff Forrest Evans sent an IPRA request to the City of Hobbs, with the knowledge that Defendant De La Cruz kept a file on Plaintiff. (approximately 2017) The City Attorney responded to the

IPRA request with about 600 pages of the same document (Vehicle Title Applications) all were 100% redacted. I later did another IPRA request (approx. August 2019) and received two emails written by Defendant Irene De La Cruz. This should have been supplied to Plaintiff on the original IPRA.

City of Lovington, NM - Defendant City of Lovington, NM was complicit with Defendant Maria Hernandez in her cooperation with the State to harass me by her snappy responses in our conversations and on one occasion she "**took one of my packages**" I gave her for processing and Defendant Hernandez kept the package and told me that those documents belonged to the State of New Mexico and not the Plaintiff. She added that Albuquerque instructed her to forward any documents I presented to the Lovington, NM, MVD office to be retained and forwarded to the Albuquerque, New Mexico for review. I presented a IPRA request to Lovington, NM for information Maria Hernandez documented concerning Plaintiffs interactions with her. I was informed by Defendant City of Lovington that my request was forwarded to Albuquerque. I never heard from Albuquerque regarding my request and Defendant Lovington, NM did not respond to the IPRA.

## III Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of the other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   Where did the events giving rise to your claim(s) occur?
**Albuquerque, Santa Fe, NM, Tatum, NM, Lovington, NM, Hobbs, NM, Artesia, NM and Carlsbad, NM.**

B.   What date and approximate time did the events giving rise to your claim(s) occur?
**2013 thru 2019. The times and dates are on all of the State Employees emails.**

C.   What are the facts underlying your claim(s)? (for example: What happened to you Who did what? Was anyone else involved? Who else saw what happened.
**These answers are in: III. Statement of Claim above.**

## IV. Injuries

a.  Plaintiff has suffered extensive emotional pain and suffering because Plaintiff couldn't understand the constant "harassment" by State and City employees.

b.  Plaintiff did not seek treatment for these conditions.

c.  Plaintiff spent hours calling many State agencies, writing State Senators, writing State Representatives, calling lawyers, pouring over correspondence trying to keep track of my status with the State to no avail.

d.  Plaintiff has been consumed with this malfeasance by State and City officials.

e.  State employees refused to give Plaintiff information regarding where Plaintiff could obtain the necessary bonds and insurance to gain access to Tapestry (the States computers). Plaintiff spent approximately one year trying to get an insurance brokerage to figure out what the States requirements were (the written instructions for insurance requirements the State disseminated) was not clear to insurance brokers. The State refused to corporate and help Plaintiff find the necessary insurances.

f.  Plaintiff is claiming racial discrimination due to the fact of Defendants dismissive treatment whether on the phone or at State sponsored trainings. Plaintiff has never seen any African-Americans in any of the classes Plaintiff attended nor did Plaintiff ever see any African-American employees at the Bureau of Dealer Licensing. Plaintiff has been in a room with at least two hundred people in attendance and Plaintiff was the only African-American.

g.  Plaintiff did not seek treatment for this condition.

h.  Plaintiff has lost millions of dollars due to the fact that Plaintiff couldn't expand operations into other cities in New Mexico using a very successful business model. The company's <u>income was starting to exceed $6,000.00 per day three months prior to the State cancelling Plaintiff(s) contract</u> ($1.7 million per year, one location).

i.  Plaintiff(S) had immediate plans to open five additional stores, however, State approval was required. We have been doing due diligence since 2014 hiring 1 VIN inspector in Albuquerque and signing a tentative lease in Albuquerque in 2014.

## V.   Relief

    A.   Plaintiff is asking $3,100,000.00 in <u>actual damages</u>.  Explanation for Plaintiffs claim include: annual salaries paid amounted to approximately $175,000.00 per year, equipment cost, employee training, insurance, bonding and various fee requirements.  Rescission of Plaintiffs VIN license resulted in approximately $36,000.00 lost income annually (6 years).

    The inability to gain access to State computers prevented expansion plans to open five additional MVD offices in the State of New Mexico.  <u>The State placed Plaintiff at a serious competitive disadvantage due to blocking Plaintiffs access to State computers</u>, this required Plaintiff and/or staff to drive thirty-four miles daily (sometimes twice daily) in order to process documents

    B.  Plaintiff is asking $25,000,000.00 <u>punitive damages</u>.

    Plaintiffs claim include:  Defendants violated Plaintiffs civil rights age, race and mental disabled discrimination, and Plaintiffs Constitutional Rights to Life, Liberty and the Pursuit of Happiness.

    C.  Ask the court to order an injunction barring defendant(s) probable action to stop the conduct that is causing the harm including issuing Dealer Partner license within the City of Hobbs until such time as this claim is resolved.

    D.  A declaration of the legal rights of the plaintiff(s).

    E.  Make the Plaintif(s) whole by restoring Dealer Bureau License and Vehicle Identification License to Plaintiff Forrest Evans and all employees.

    F.  And place an injunction on the State of New Mexico barring future harassment and loss of licenses.

EEOC Banner

Appointment Scheduling Step 2 of 3
Go Back   EEOC Public Portal     *Not True*

Currently, there are no appointments available. New appointment times open-up daily, so if none are available now, please check the calendar throughout the day.

### Appointment Date Selector

| Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|--------|--------|---------|-----------|----------|--------|----------|
| 04/26/2020 | 04/27/2020 | 04/28/2020 | 04/29/2020 | 04/30/2020 | 05/01/2020 | 05/02/2020 |
| 05/03/2020 | 05/04/2020 | 05/05/2020 | 05/06/2020 | 05/07/2020 | 05/08/2020 | 05/09/2020 |
| 05/10/2020 | 05/11/2020 | 05/12/2020 | 05/13/2020 | 05/14/2020 | 05/15/2020 | 05/16/2020 |
| 05/17/2020 | 05/18/2020 | 05/19/2020 | 05/20/2020 | 05/21/2020 | 05/22/2020 | 05/23/2020 |
| 05/24/2020 | 05/25/2020 | | | | | |

Go Back   EEOC Public Portal

Privacy Policy | Disclaimer | USA.gov

*EEOC Calendar. I have Checked every day for 2 months.*

*8/25/20*
*Forrest Evans*



 Welcome, Forrest | Log Out

- Filing with EEOC

**THE ASSESSMENT HAS ENDED FOR THE FOLLOWING REASON**

Based on your answers, it appears that the EEOC is not the correct agency to help you. EEOC handles complaints of employment discrimination against private businesses, state and local governments, unions, temp and staffing agencies. If your complaint is against another type of employer, there may be another government agency that can assist you. For more information, please call 1-844-USA-GOV1 (1-844-872-4681) from 8:00 AM to 8:00 PM ET, Monday through Friday (except Federal Holidays), visit http://www.usa.gov, or click on a link below.

- Housing: U.S. Dept. of HUD - Housing Discrimination Complaints
- Education: U.S. Department of Education Office For Civil Rights
- Accessibility:
    - ADA.gov - Department of Justice ADA Page
    - U.S. Department of Transportation - DOT Access
- Voting: U.S. DOJ, Civil Rights Division (CRD), Voting Section
- Public Accommodations: DOJ, CRD, Housing & Civil Enforcement Section
- Law Enforcement/Police Misconduct: DOJ, CRD, Coordination & Review Sect.
- Other Claims:
    - U.S. Commission on Civil Rights
    - State and Local Agencies

You may still file a charge with EEOC if you wish, but EEOC may not be able to assist you. The law requires EEOC to notify your employer of the charge. If you would like to file a charge, please call 1-866-408-8075, email info@eeoc.gov, or contact your nearest EEOC office.

> **Home Page**

EEOC Don't PRocess my Type SituATion.
I called & They SAid I need To do A VerbAl
InTerview even AfTer Telling me This.
I haven't had The interview becAuse The CAlENdAr
for AN AppoinTmeNT is ALwAys full.

Forrest Evans
8/25/20

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET
*CM/MCF 6493464*

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Forrest Evans, Ernestine Hodge
Rapido mud services

**DEFENDANTS**
See Attached

**(b)** County of Residence of First Listed Plaintiff  *Lea*
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
None

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 2  U.S. Government Defendant
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal | ❏ 376 Qui Tam (31 USC |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 835 Patent - Abbreviated | ❏ 460 Deportation |
| Student Loans | ❏ 340 Marine | Injury Product | | New Drug Application | ❏ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | | ❏ 840 Trademark | Corrupt Organizations |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | (15 USC 1681 or 1692) |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | Act | ❏ 862 Black Lung (923) | ❏ 485 Telephone Consumer |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | Protection Act |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | Relations | ❏ 864 SSID Title XVI | ❏ 490 Cable/Sat TV |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 850 Securities/Commodities/ |
| | ❏ 362 Personal Injury - | Product Liability | ❏ 751 Family and Medical | | Exchange |
| | Medical Malpractice | | Leave Act | | ❏ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 891 Agricultural Acts |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement | ❏ 870 Taxes (U.S. Plaintiff | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | Income Security Act | or Defendant) | ❏ 895 Freedom of Information |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | Act |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | ❏ 896 Arbitration |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | ❏ 899 Administrative Procedure |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | Act/Review or Appeal of |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | Agency Decision |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | ❏ 950 Constitutionality of |
| | Other | ☒ 550 Civil Rights | Actions | | State Statutes |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ❏ 2  Removed from State Court
- ❏ 3  Remanded from Appellate Court
- ❏ 4  Reinstated or Reopened
- ❏ 5  Transferred from Another District *(specify)*
- ❏ 6  Multidistrict Litigation - Transfer
- ❏ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
U.S.C violation of civil rights as A minority  State And local Officials
Brief description of cause:
Age, Racial, mental disability  Discrimination

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $  more than 100.000 comp
more than $ 500,000  PUNITIVE

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE  8/25/20
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# Express

RT **528**
ST **45**
7
16:30
0008
08.27
Z²
**A**

SX ONMA



TRK# 3961 7810 0008
0201

ORIGIN ID:HOBA    (575) 391-6634
FORREST EVENS
409 E LLANO DR

HOBBS, NM 88240
UNITED STATES US

SHIP DATE: 25AUG20
ACTWGT:1.05 LB
CAD: 689424G/SSFE2110

BILL CREDIT CARD

0

TO US DISTRICT COURT OF NEW MEXICO
333 LOMAS BLVD NW STE 270
(505) 348-2000    REF1

ALBUQUERQUE NM 87102

REF1

DEPT:

FedEx
Express

**E**

J20202007140101

FRI – 28 AUG 4:30P
EXPRESS SAVER

87102
NM-US    ABQ

5EBJ2/7709/8786
Part # 156297-438 ©2015 EXP 02/21