IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FORREST EVANS,
ERNESTINE HODGE, and
RAPIDO MVD SERVICES,

        Plaintiffs,

v.                                                    No. 2:20-cv-874 KRS

MARGARET WILLIAMS, et al.

        Defendants.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiffs' Complaint for Violation of Civil Rights, Doc. 1, filed August 27, 2020 ("Complaint").

Plaintiffs Evans and Hodge, who are employees of Plaintiff Rapido MVD Services, assert federal-law claims of discrimination based on "race, age, mental disability," "harassment," and "equal protection" pursuant to 42 U.S.C. § 1983 against 22 Defendants. Complaint at 3, 7, 9. Plaintiffs also assert state-law claims for "malicious prosecution, mental and emotional anguish, loss of reputation, defamation, slander and loss of earnings capacity proximately and calculatingly caused by illegal and authorized actions and omissions." Complaint at 9-10. Plaintiffs seek $3.1 million in actual damages, $25 million in punitive damages, and injunctive and declaratory relief. *See* Complaint at 26.

**Discrimination**

The Complaint fails to state claims for racial, age and disability discrimination. To state a claim for discrimination generally, a plaintiff must show that he is a member of a protected class, he suffered an adverse action, and the challenged action occurred under circumstances giving rise

to an inference of discrimination. *See, e.g., Bennett v. Windstream Commc'ns, Inc.*, 792 F.3d 1261, 1266 (10th Cir. 2015). There are no factual allegations that show that Defendants' actions occurred under circumstances giving rise to an inference of discrimination. Furthermore, there are no allegations regarding Plaintiffs' ages[1] or disabilities.[2] *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The Complaint fails to state an equal protection claim. To state an equal protection claim class-of-one claim, a plaintiff must allege "(1) that other 'similarly situated' individuals were treated differently from her, and (2) that there is no 'rational basis' for [the different treatment]." *A.M. v. Holmes*, 830 F.3d 1123, 1167 (10th Cir. 2016). Plaintiffs do not allege that other similarly situated individuals were treated differently.

The Complaint fails to state a claim against Defendants City of Hobbs and City of Lovington because it does not allege that a municipal policy or custom was the moving force behind the alleged violations. "To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy

---

[1] To state an age discrimination claim under the Age Discrimination in Employment Act ("ADEA"), a plaintiff must allege that "he was (1) within the protected age group; (2) doing satisfactory work (qualified for the position); (3) discharged (or adversely affected by defendant's employment decision); and (4) replaced by a younger person." *Jones v. Unisys Corp.*, 54 F.3d 624, 630 (10th Cir. 1995).

[2] To state an ADA discrimination claim, a plaintiff must allege: (1) "that he is disabled within the meaning of the ADA"; (2) that he is qualified for the job held or desired; and (3) "that he was discriminated against because of his disability." *Lincoln v. BNSF Railway Co.*, 900 F.3d 1166, 1192 (10th Cir. 2018). To state an ADA failure to accommodate claim, a plaintiff must allege: "(1) [he] is disabled; (2) [he] is otherwise qualified; and (3) [he] requested a plausibly reasonable accommodation." *Lincoln v. BNSF Railway Co.*, 900 F.3d at 1204.

or custom was the moving force behind the constitutional deprivation." *McLain v. Sheriff of Mayes County*, 595 Fed.Appx. 748, 753-753 (10th Cir. 2014) (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir.1998) and *Monell v. Dep't of Soc. \*754 Servs.,* 436 U.S. 658, 694 (1978)). "A 'single isolated incident' does not prove the existence of an unconstitutional policy or custom." *Id.* (citing *City of Okla. City v. Tuttle,* 471 U.S. 808, 821, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985)).

While the Complaint can be dismissed for failure to state a claim upon which relief can be granted, it does not appear that it would be futile to give Plaintiffs an opportunity to file an amended complaint. The Court will allow Plaintiffs to file an amended complaint. The amended complaint must state with particularity what each Defendant did to each Plaintiff, when the Defendant did it, and what specific right each Plaintiff believes each Defendant violated.

**Statute of Limitations**

It appears that many of Plaintiffs' claims are barred by the statute of limitations because they arise from events that occurred in 2013-2017. *See* Complaint at 16-23. "[F]or §1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims." *Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014)

**State of New Mexico Defendants**

The Court lacks jurisdiction over Plaintiffs' claims for monetary damages against employees of the State of New Mexico in their official capacity. "It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits." *Hull v. State of New Mexico*

*Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006).

**Defendant Rapido MVD Services**

The claims asserted by Defendant Rapido MVD Services are subject to dismissal because Defendant Rapido MVD Services is not represented by an attorney.  *See* D.N.M.LR-Civ. 83.7 ("A corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court").

**IT IS THEREFORE ORDERED** that Plaintiffs shall, within 21 days of entry of this Order, either: (i) show cause why the Court should not dismiss Plaintiffs' federal-law claims for the reasons stated above; or (ii) file an amended complaint.  Failure to timely show cause or file an amended complaint may result in dismissal of this case.

**IT IS SO ORDERED**.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE