IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FORREST EVANS,
ERNESTINE HODGE, and
RAPIDO MVD SERVICES,

      Plaintiffs,

v.                                                               No. 2:20-cv-00874-JAP-KRS

MARGARET WILLIAMS, et al.

      Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

*Pro se* Plaintiffs Evans and Hodge, who are employees of Plaintiff Rapido MVD Services, asserted federal-law claims of discrimination based on "race, age, mental disability," "harassment," and "equal protection" under 42 U.S.C. § 1983 against twenty-two Defendants. COMPLAINT FOR VIOLATION OF CIVIL RIGHTS ("Complaint"), Doc. 1 at 3, 7, 9, filed August 27, 2020. Plaintiffs also asserted state-law claims for "malicious prosecution, mental and emotional anguish, loss of reputation, defamation, slander and loss of earnings capacity proximately and calculatingly caused by illegal and authorized actions and omissions." Complaint at 9–10. Plaintiffs seek $3.1 million in actual damages, $25 million in punitive damages, and injunctive and declaratory relief. *See* Complaint at 26.

United States Magistrate Judge Kevin R. Sweazea notified Plaintiffs that their Complaint failed to state federal law claims upon which relief can be granted, stating:

> The Complaint fails to state claims for racial, age and disability discrimination. To state a claim for discrimination generally, a plaintiff must show that he is a member of a protected class, he suffered an adverse action, and the challenged action occurred under circumstances giving rise to an inference of discrimination. *See, e.g., Bennett v. Windstream Commc'ns, Inc.*, 792 F.3d 1261, 1266 (10th Cir. 2015). There are no factual allegations that show that Defendants' actions occurred under

circumstances giving rise to an inference of discrimination.  Furthermore, there are no allegations regarding Plaintiffs' ages[1] or disabilities.[2]  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The Complaint fails to state an equal protection claim.  To state an equal protection claim class-of-one claim, a plaintiff must allege "(1) that other 'similarly situated' individuals were treated differently from her, and (2) that there is no 'rational basis' for [the different treatment]."  *A.M. v. Holmes*, 830 F.3d 1123, 1167 (10th Cir. 2016).  Plaintiffs do not allege that other similarly situated individuals were treated differently.

The Complaint fails to state a claim against Defendants City of Hobbs and City of Lovington because it does not allege that a municipal policy or custom was the moving force behind the alleged violations.  "To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation."  *McLain v. Sheriff of Mayes County*, 595 Fed.Appx. 748, 753-753 (10th Cir. 2014) (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir.1998) and *Monell v. Dep't of Soc. *754 Servs.,* 436 U.S. 658, 694 (1978)). "A 'single isolated incident' does not prove the existence of an unconstitutional policy or custom." *Id.* (citing *City of Okla. City v. Tuttle,* 471 U.S. 808, 821, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985)).
….

It appears that many of Plaintiffs' claims are barred by the statute of limitations because they arise from events that occurred in 2013-2017.  *See* Complaint at 16-23.  "[F]or §1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims."  *Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014)

---

[1] To state an age discrimination claim under the Age Discrimination in Employment Act ("ADEA"), a plaintiff must allege that "he was (1) within the protected age group; (2) doing satisfactory work (qualified for the position); (3) discharged (or adversely affected by defendant's employment decision); and (4) replaced by a younger person."  *Jones v. Unisys Corp.*, 54 F.3d 624, 630 (10th Cir. 1995).

[2] To state an ADA discrimination claim, a plaintiff must allege: (1) "that he is disabled within the meaning of the ADA"; (2) that he is qualified for the job held or desired; and (3) "that he was discriminated against because of his disability."  *Lincoln v. BNSF Railway Co.*, 900 F.3d 1166, 1192 (10th Cir. 2018).  To state an ADA failure to accommodate claim, a plaintiff must allege: "(1) [he] is disabled; (2) [he] is otherwise qualified; and (3) [he] requested a plausibly reasonable accommodation."  *Lincoln v. BNSF Railway Co.*, 900 F.3d at 1204.

> The Court lacks jurisdiction over Plaintiffs' claims for monetary damages against employees of the State of New Mexico in their official capacity. "It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits." *Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006).
>
> The claims asserted by Defendant Rapido MVD Services are subject to dismissal because Defendant Rapido MVD Services is not represented by an attorney. *See* D.N.M.LR-Civ. 83.7 ("A corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court").

MEMORANDUM OPINION AND ORDER TO SHOW CAUSE, Doc. 4, filed September 23, 2020. Judge Sweazea granted Plaintiffs an opportunity to show cause why those claims should not be dismissed or to file an amended complaint. *See id.* (setting response deadline of October 14, 2020). Judge Sweazea subsequently granted Plaintiffs two extensions of time in which to file an amended complaint and notified Plaintiffs that failure to timely file an amended complaint may result in dismissal of this case. *See* MEMORANDUM OPINION AND ORDER GRANTING EXTENSION OF TIME AND DENYING MOTION TO APPOINT COUNSEL, Doc. 10, filed October 19, 2020 (extending time to show cause or file amended complaint); ORDER FOR AMENDED COMPLAINT, Doc. 12, filed November 5, 2020 (stating Plaintiffs' response did not show cause why claims should not be dismissed and ordering Plaintiffs to file an amended complaint); ORDER GRANTING SECOND EXTENSION OF TIME, Doc. 15, filed November 30, 2020 (granting second motion for extension of time to file amended complaint). Plaintiffs did not file an amended complaint by the December 30, 2020, deadline.

    The Court dismisses Plaintiffs' federal law claims in their original Complaint for the reasons stated above and declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental

jurisdiction over a claim … if … the district court has dismissed all claims over which it has original jurisdiction"). Having dismissed all federal law claims and declining to exercise supplemental jurisdiction over Plaintiffs' state law claims, the Court dismisses this case.

IT IS ORDERED that this case is DISMISSED without prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE